**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1114
_____

In re:  MATTHEW J. BALLISTER, III,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. Nos. 2:15-cv-07655, 2:15-cv-07865, & 2:16-cv-01691)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 23, 2017

Before:  SMITH, Chief Judge, MCKEE and FUENTES, Circuit Judges

(Opinion filed: April 19, 2017)
_____

OPINION[*]
_____

PER CURIAM

On January 17, 2017, Matthew J. Ballister, III, a pretrial detainee, filed a petition

for a writ of mandamus in which he complained about the delay in screening the

complaints in three actions he filed in the United States District Court for the District of

New Jersey.  In that petition and supporting documents (including documents captioned

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute
binding precedent.

motions), he also seeks the District Judge's recusal, claiming that the District Judge presiding over all three actions is exposing her bias against him by ignoring his filings.[1] He posits that the crimes for which he is detained (he is accused of murdering his girlfriend) offend the District Judge. He further asks us to appoint him counsel for his District Court actions. He also seems to request that we consider in the first instance his claims relating to his criminal prosecution and his lack of medical treatment and grant his requests for injunctive relief (which include a request for release or a transfer to a facility that would provide him medical care).

On March 2, 2017, the District Court screened the complaints and entered opinions and orders in all three actions. Accordingly, to the extent the petition relates to the delay in ruling, it is moot because it no longer presents a live controversy. See, e.g., Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992).

Furthermore, to the extent that Ballister's petition seeks the District Judge's recusal, mandamus relief is not warranted. First, insomuch as Ballister seeks mandamus relief related to any refusal by the District Judge to recuse under 28 U.S.C. § 144, mandamus relief is not available because Ballister may still take an appeal from that order after final judgment is entered in his District Court cases. See In re Sch. Asbestos Litig., 977 F.2d 764, 774-76 (3d Cir. 1992).

To the extent that Ballister argues that recusal is proper under 28 U.S.C. § 455 on the basis that the impartiality of the judge presiding over his cases might reasonably be questioned, we may consider the issue on mandamus. See In re Kensington Int'l Ltd.,

---

[1] The District Judge previously rejected his requests for her recusal.

2

353 F.3d 211, 219-20 (3d Cir. 2003); <u>Alexander v. Primerica Holdings</u>, 10 F.3d 155, 163 (3d Cir. 1993).  However, there is no basis to question the District Judge's impartiality. She has afforded him opportunities to present his claims, going so far as to open up a new action for several of his recent submissions.  Although there was some delay in screening the complaints, the delay does not suggest partiality or bias, despite Ballister's claim to the contrary.  <u>Cf.</u> <u>In re United States</u>, 666 F.2d 690, 694 (1st Cir. 1981) (stating recusal is not required on the basis of "unsupported, irrational, or highly tenuous speculation").

For these reasons, the petition for a writ of mandamus will be denied.  Ballister's other pending requests, including his requests for counsel and injunctive relief, also are denied.